UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| RAMIRO REYES, | No. 2:14-cv-0942 MCE DAD |
|---|---|
| Plaintiff, | |
| v. | ORDER SETTING SETTLEMENT CONFERENCE |
| CALIFORNIA DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant. | |

On May 12, 2014, parties filed a stipulation for referral for early alternative dispute resolution. Pursuant to the parties' stipulation, a settlement conference will be set before Magistrate Judge Gregory G. Hollows at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom 9 on July 17, 2014, at 9:00 a.m.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before Magistrate Judge Gregory G. Hollows on July 17, 2014 at 9:00 a.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #9.
2. Parties are instructed to have a principal with full settlement authority present at the settlement conference or to be fully authorized to settle the matter on

1

any terms.  The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate.  The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference.  An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle.[1]

3. The parties are directed to submit their confidential settlement conference statements to the Court using the following email address: gghorders@caed.uscourts.gov.  Statements are due at least 7 days prior to the settlement conference.

IT IS SO ORDERED.

Dated:  May 21, 2014

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences . . . ." United States v. U.S. District Court for the N. Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989) (cited with approval in Official Airline Guides, Inc. v. Goss, 6 F.3d 1385, 1396 (9th Cir. 1993)). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Id. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001).